UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL V. SLANGA, on behalf of
himself and others similarly situated,

    Plaintiff,

v.                                      CASE NO.:

LDRV HOLDINGS CORP, d/b/a
LAZY DAYS, and
WILLIAM P. MURNAME,

    Defendants.
_____/

## WAGE THEFT COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MICHAEL V. SLANGA ("Plaintiff"), on behalf of himself and others similarly situated, hereby sues the Defendants, LDRV HOLDINGS CORP, d/b/a LAZY DAYS ("LAZY DAYS"), a foreign profit corporation, and WILLIAM P. MURNAME ("MURNAME") and alleges as follows:

## JURISDICTION, VENUE AND PARTIES

1. This is an action brought under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA"). Accordingly, this Court has subject-matter jurisdiction.

2. Venue is proper within the Middle District of Florida because a substantial part of the events giving rise to this claim arose here.

3. At all times material, Plaintiff was/is a resident of Pinellas County, Florida.

4. At all times material, Defendant LAZY DAYS was/is a Foreign Profit Corporation authorized to conduct business in the State of Florida, with its principal

place of business at 6130 LAZY DAYS BLVD., SEFFNER, FL 33584.

5. At all times material, Defendant MURNAME is and was a resident of Hillsborough County.

## GENERAL ALLEGATIONS

6. Defendant LAZY DAYS is a recreational vehicle retailer.

7. Defendant MURNAME is the President and Chief Executive Officer of LAZY DAYS. In that position, MURNAME exercises significant control over the company's operations, has the power to hire and fire employees, the power to determine salaries, the responsibility to maintain employment records and has operational control over significant aspects of the company's day-to-day functions.

8. Defendants are employers as defined by the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b), *et seq*. ("FLSA").

9. At all material times, Defendants were an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s) and during all relevant times had at least two employees and had an annual dollar volume of sales or business done of at least $500,000.

10. Plaintiff was engaged in interstate commerce during his employment with Defendants.

11. Plaintiff was employed by Defendants during the relevant time period as a server.

12. This action is brought under the FLSA to recover unpaid overtime compensation owed to Plaintiff and all others similarly situated who are or were employed by Defendants and were subject to the same unlawful pay practices.

13. Plaintiff and others similarly situated were employees of Defendants under the FLSA.

14. Plaintiff was employed by Defendants from July 2016 through March 31, 2017 as a Service Advisor. During this time period, Defendants failed to pay any overtime compensation to Plaintiff or other similarly situated Service Advisors.

15. Defendants failed to comply with the FLSA because Plaintiff, and other similarly situated Service Advisors, were regularly required to work in excess of forty (40) hours a workweek were not paid overtime compensation as required by the FLSA.

16. Defendants failed to comply with the FLSA because Plaintiff, and other similarly situated employees, were not paid the federally-mandated minimum wage, as required by the FLSA.

17. The additional persons who may become Plaintiffs in this action are employees similarly situated to Plaintiff and who were required to work in excess of forty (40) hours a workweek but were not paid overtime compensation as required by the FLSA.

18. Defendant MURNAME is subject to individual liability under the FLSA because he acted directly or indirectly in the interest of the employer in relation to Plaintiff, exercised significant control over the company's operations, has the power to hire and fire employees, the power to determine salaries, the responsibility to maintain employment records and has operational control over significant aspects of the company's day-to-day functions.

19. Defendants' violations of the FLSA were knowing, willful and in reckless disregard of the rights of Plaintiff and all other similarly situated. Defendants did not

have reasonable grounds for believing that their acts were not a violation of the FLSA.

20. Plaintiff has been required to retain the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

## COUNT I
## <u>OVERTIME – FLSA (BOTH DEFENDANTS)</u>

21. Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 to 20 as if fully restated herein.

22. During the three (3) year period prior to filing this action, Defendants failed to pay Plaintiff and all other similarly situated employees overtime compensation for hours worked over forty (40) in a workweek.

23. Defendants' failure to pay Plaintiff and all other similarly situated employees overtime compensation for hours worked over forty (40) in any workweek constitutes a violation of the FLSA, 29 U.S.C. § 207.

24. Defendants' violations of the FLSA were knowing, willful and in reckless disregard of the rights of Plaintiff and all other similarly situated.

25. Count I is brought under the FLSA as a collective action to recover unpaid overtime compensation owed to Plaintiff and all others similarly situated who are or were employed by Defendants who were denied overtime compensation.

**WHEREFORE**, Plaintiff respectfully requests, on behalf of himself and all others similarly situated, that this Court issue an Order awarding damages in the amount of the unpaid overtime compensation owed, awarding liquidated damages pursuant to 29 U.S.C. § 216(b), awarding reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), awarding injunctive relief requiring Defendants to comply with the FLSA, and awarding all such other relief as the Court deems just and appropriate.

# COUNT II
# RETALIATION – FLSA (BOTH DEFENDANTS)

26. Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 to 20as if fully restated herein.

27. Section 15(a)(3) of the FLSA states that it is a violation for any person to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding…."

28. By objecting to Defendants' unlawful pay practices which were violative of the FLSA, Plaintiff engaged in an activity protected by the FLSA.

29. By being discharged, Plaintiff suffered an adverse action by Defendants immediately subsequent to his protected activity.

30. Plaintiff's termination was directly caused by, and was a result of, his protected activity.

31. By discharging Plaintiff because of his statutorily protected activity, Defendants engaged in unlawful retaliation in violation of 29 USC § 215(a).

32. Plaintiff has suffered damages including lost wages, lost benefits, emotional distress, anguish, interest and attorney's fees and costs.

**WHEREFORE**, Plaintiff demands judgment against Defendants and relief in the form of:

(i) Economic damages, including lost wages, benefits, and other remuneration;

(ii) Reinstatement of full fringe benefits;

(iii)   Front and back pay;

(iv)   Liquidated damages;

(v)   Any other compensatory damages allowable under the law;

(vi)   Attorneys' fees and costs pursuant to the FLSA;

(vii)   Emotional distress damages;

(viii)   Punitive damages;

(ix)   Prejudgment and post-judgment interest; and

(x)   Any other relief the Court deems appropriate.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues.

**DATED** this 18th day of May, 2017.

        Respectfully submitted,
        **WHITTEL & MELTON, LLC**
        */s/ Jay P. Lechner*
        Jay P. Lechner, Esq.
        Florida Bar No.: 0504351
        Jason M. Melton, Esq.
        Florida Bar No.: 605034
        One Progress Plaza
        200 Central Avenue, #400
        St. Petersburg, Florida 33701
        Telephone: (727) 822-1111
        Facsimile: (727) 898-2001
        Service Email:
           Pleadings@theFLlawfirm.com
           lechnerj@theFLlawfirm.com
           sonia@theFLlawfirm.com
        *Attorneys for Plaintiff*